UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 10-62456-CIV-COHN/SELTZER

HEATHER CASTELLANOS,

Plaintiff,

v.

TARGET CORPORATION,
d/b/a TARGET, a foreign corporation,
and JOHN DOE, as Store Manager,

Defendants,

_____/

## ORDER DENYING PLAINTIFF'S MOTION TO REMAND

**THIS MATTER** is before the Court on Plaintiff Heather Castellanos's Motion to Remand [DE 5] ("Motion").  The Court has considered the Motion, Defendant Target Corporation's ("Target's") Opposition [DE 9] ("Opposition"), and the record in this case, and is otherwise fully advised in the premises.[1]

### I. BACKGROUND

On November 17, 2010, Plaintiff filed her Complaint in the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida, alleging negligence of Target and Target's store manager, "John Doe." Compl. [DE 1-2 at 5-9].  On December 17, 2010, Target timely filed its Notice of Removal [DE 1] based on diversity jurisdiction.

Plaintiff filed the instant Motion on December 27, 2010, seeking remand because Target "failed to establish by a preponderance of the evidence that there is complete diversity and that the amount in controversy exceeds $75,000." Mot. at 2 ¶ 5.  Target opposes remand.

---

[1] Plaintiff did not file a Reply, and the time for doing so has passed.

## II. DISCUSSION

### A. Limited Jurisdiction

Federal courts are courts of limited jurisdiction. <u>See</u> 13 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, <u>Federal Practice & Procedure</u> § 3522 (2d ed. 1984 & Supp. 2008). Federal jurisdiction exists only when a controversy involves a question of federal law or diversity jurisdiction. <u>See</u> 28 U.S.C. §§ 1331-1332. As the instant case does not involve a question of federal law, the Court may only hear the case if diversity jurisdiction exists.

The party seeking to litigate in federal court bears the burden of establishing jurisdiction. <u>Kokkonen v. Guardian Life Ins. Co. of Am.</u>, 511 U.S. 375, 377 (1994). To prove diversity jurisdiction, that party must show both (1) that the suit is between citizens of different states and (2) that the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332.

### B. Plaintiff's Motion for Remand

Plaintiff moves to remand this case to the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida, based on lack of diversity of citizenship and failure to meet the amount in controversy requirement. As discussed below, the Court finds that Target has met its burden as to each element.

#### 1. Diversity of Citizenship

"Diversity jurisdiction, as a general rule, requires complete diversity—every plaintiff must be diverse from every defendant." <u>Palmer v. Hosp. Auth.</u>, 22 F.3d 1559, 1564 (11th Cir. 1994). Plaintiff is diverse from Target because Plaintiff is a citizen of Florida, Notice of Removal ¶ 4; <u>see also</u> Compl. ¶ 2, and Target is a citizen of

2

Minnesota, Notice of Removal ¶ 4; see also Compl. ¶ 3 ("a foreign corporation").

Plaintiff does not contend otherwise. Rather, the dispute centers on whether Doe's presence as a defendant in the Complaint destroys diversity. Mot. at 3-4.

The Complaint does state that Doe "was an individual residing in Broward County, Florida," Compl. ¶ 4, and Plaintiff explains that "the store manager of Target is only referred to as JOHN DOE in the pleadings because Plaintiff has not had ample opportunity to conduct further investigation," Mot. at 3. Plaintiff insists that had she "had time to conduct discovery, Plaintiff would have ascertained the full name of the resident store manager of Target and would have [named him or her] in the complaint." Id. at 3-4. However, Plaintiff did not name the store manager in her Complaint; rather, she chose to sue that person under a fictitious name. See Compl.

Pursuant to 28 U.S.C. § 1441(a), "[f]or purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded." This provision "clearly requires district courts to ignore citizenship of Doe defendants when evaluating petitions for removal." Cowan v. Cent. Reserve Life of N. Am. Ins. Co., 703 F. Supp. 64, 65 (D. Nev. 1989); see also Dobbs v. JBC of Norfolk, VA Inc., 521 F. Supp. 2d 531, 532 (E.D. Va. 2007) (denying remand based on belief that discovery would reveal that Doe defendants were not diverse); Righetti v. Shell Oil Co., 711 F. Supp. 531, 533 (N.D. Cal. 1989) ("removal of the instant action was proper based on diversity of citizenship, despite the presence of Doe defendants"). Therefore, the Court will ignore Doe's citizenship in evaluating the removal of this case. Because the known, named parties, Plaintiff and Target, are diverse, the diversity of citizenship jurisdictional requirement has been satisfied.

3

### 2. Amount in Controversy

Despite the fact that there is diversity of citizenship here, diversity jurisdiction still does not exist unless the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332. Where a plaintiff has not pled a specific amount of damages, the removing defendant must establish the amount in controversy by a preponderance of the evidence. Williams v. Best Buy Co., 269 F.3d 1316, 1319 (11th Cir. 2001). A defendant may allege removability that is apparent from the face of the complaint, in which case the district court must evaluate whether the complaint itself satisfies the defendant's jurisdictional burden. Roe v. Michelin N. Am., Inc., 613 F.3d 1058 (11th Cir. 2010). District courts must make "'reasonable deductions, reasonable inferences, or other reasonable extrapolations' from the pleading to determine whether it is facially apparent that a case is removable." Id. (quoting Pretka v. Kolter City Plaza II, Inc., 608 F.3d 744 (11th Cir. 2010)). A defendant may introduce its own affidavits, declarations or other documentation to meet its burden, Pretka, 608 F.3d at 755, but such evidence is permissible to consider only if the facts alleged existed at the time of removal, Sierminski v. Transouth Fin. Corp., 216 F.3d 945, 949 (11th Cir. 2000). Further, a district court may employ its own judicial experience or common sense to discern whether a complaint establishes the jurisdictional amount in controversy required for removal. See Roe, 613 F.3d at 1063.

Here, the face of the Complaint does not meet the jurisdictional burden, as the Complaint merely seeks "damages in excess of fifteen thousand ($15,000.00) dollars." Compl. ¶ 1. Nevertheless, Target argues that the amount in controversy exceeds the jurisdictional amount based on a pre-suit demand letter [DE 1-2 at 35-38] ("Letter") for

4

the amount of $750,000.00.  Notice of Removal ¶¶ 6, 8.  As a document that existed at

the time of removal, the Letter and facts contained therein are permissible evidence of

the amount in controversy.  See Pretka, 608 F.3d at 755; see also AAA Abachman

Enters. v. Stanley Steemer Int'l, Inc., 268 Fed. App'x 864, 866 (11th Cir. 2008)

(considering demand letter when deciding amount in controversy);  Katz v. J.C. Penny

Corp., 2009 WL 1532129, at **6-7, (S.D. Fla. June 1, 2009) (same).  In the Letter,

Plaintiff calculated her total medical expenses as of September 29, 2010 to be

$138,070.13, Letter at 3, and declared that she had also suffered "trauma, hardship

and agony," id.  She then offered to settle for the sum of $750,000.00.  Id.

        The Court gives preference to Plaintiff's own assessment of the value of her

case.  See Burns v. Windsor Ins. Co., 31 F.3d 1092, 1094 (11th Cir. 1994); see also

Smith v. State Farm Mut. Auto. Ins. Co., No. 10-80783-CIV, at DE 7 (S.D. Fla. filed May

27, 2010) (denying remand when complaint sought amount "in excess of $15,000," but

civil remedy notice and demand letter indicated damages exceeded $100,000).

Though Plaintiff now states that the $750,000.00 figure was based on speculation and

puffery in an attempt to settle the pre-suit claim, Mot. at 5, she does not provide any

evidence that the value of this case is actually $75,000 or less.  In contrast, Target has

submitted the Affidavit of its counsel, Carlton Bober [DE 9 at 7-8] ("Bober Affidavidit"), in

which Mr. Bober declares that after "an opportunity to review the . . . medical records

and bills (bills totalling in excess of $138,000 alone) of Plaintiff attached to the demand

letter . . ., [he] has determined that if awarded, the value of said injuries would exceed

the jurisdictional requirements of this Court."  Bober Aff. ¶ 5.  The case might not be

worth the full $750,000.00 requested in the Letter, but the case does appear to be

worth at least the $138,070.13 in medical costs Plaintiff had incurred as of September 29, 2010, an amount well over $75,000. See Letter at 3; see also Black v. State Farm Mut. Auto. Ins. Co., 2010 WL 4340281 (S.D. Fla. Oct. 22, 2010) (finding amount in controversy exceeded $75,000 based on medical cost estimations in pre-suit demand package); Katz, 2009 WL 1532129, at **6-7 (finding pre-suit demand package honest when based on calculation of medical costs).  Therefore, the Court finds that Target has met its burden of demonstrating that the amount in controversy exceeds the jurisdictional threshold requirement.

### III. CONCLUSION

The Court concludes that Target has established by a preponderance of the evidence that the amount in controversy in this case exceeds $75,000 and that complete diversity exists.  Thus, the Court has diversity jurisdiction over this case. Accordingly, it is hereby

**ORDERED AND ADJUDGED** that Plaintiff Heather Castellanos's Motion to Remand [DE 5] is **DENIED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, on this _3rd_ day of February, 2011.

JAMES I. COHN
UNITED STATES DISTRICT JUDGE

Copies provided to:
Counsel of record via CM/ECF