UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 10-62456-CIV-COHN/SELTZER

HEATHER CASTELLANOS,

    Plaintiff,

v.

TARGET CORPORATION,
d/b/a TARGET, a foreign corporation,
and JOHN DOE, as Store Manager,

    Defendants,
_____/

### ORDER DENYING DEFENDANT'S
### MOTION FOR FINAL SUMMARY JUDGMENT

**THIS CAUSE** is before the Court on Defendant Target Corporation d/b/a Target's ("Target's") Motion for Final Summary Judgment [DE 48] ("Motion"). The Court has considered the Motion, Plaintiff Heather Castellanos's Response [DE 61], Target's Reply [DE 69], the parties' related submissions, and the record in this case, and is otherwise fully advised in the premises.

### I. BACKGROUND

This is a negligence action brought by Plaintiff Heather Castellanos. Complaint [DE 1-2 at 5-9]. The undisputed facts show that on February 21, 2010,[1] Plaintiff was a patron in a store operated by Defendant Target, when she slipped on a puddle of liquid

---

[1] The parties represent that the incident occurred on February 10, 2010, Mot. at 1; Resp. at 1, and the Complaint alleges that the incident took place on February 10, 2010, Compl. ¶ 5. However, after the case was filed, per the Plaintiff's request and Target's lack of objection, the Court entered an Order Granting Motion to Amend Complaint by Interlineation [DE 16], substituting the date of February 21, 2010 for February 10, 2010. Plaintiff also testified at her deposition that the date in question was February 21, 2010, and not February 10, 2010. Castellanos Dep. at 34:15-25.

bleach and sustained injuries. Deposition of Heather Castellanos [DE 52-1] at 38:23-25, 39:1-4. Plaintiff claims that Target's negligence caused her injuries. See Compl. On June 22, 2011, Target filed its Motion, seeking final summary judgment in its favor.

## II.  LEGAL STANDARD

Under Federal Rule of Civil Procedure 56(a), the Court may grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(a). The movant "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  To discharge this burden, the movant must show that "there is an absence of evidence to support the non-moving party's case." Id. at 325.

After the movant has met its burden, the burden of production shifts to the non-moving party, who "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).  "If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact [the Court may] grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it." Fed. R. Civ. P. 56(e)(3).

At the summary judgment stage, the Court's function is not to "weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).  In making this determination, the Court must decide which issues are material, and "[o]nly

disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

### III. ANALYSIS

Target contends that Plaintiff cannot prove her case under the applicable law. However, as an initial matter, the parties disagree as to which Florida law applies to this case. As described below, the Court first determines that Florida Statute § 768.0710 (2002) governs this case. The Court then determines that summary judgment is inappropriate because this case involves a disputed issue of material fact.

### A. Applicability of Florida Statute § 768.0710

At the time of Plaintiff's slip and fall, the Florida law in effect was Florida Statute § 768.0710 (2002) (repealed 2010). That statute provided that in a negligence action involving a transitory foreign substance in a business establishment, "[a]ctual or constructive notice of the transitory foreign object or substance is not a required element of proof to this claim." Fla. Stat. § 768.0710(2)(b). On July 1, 2010, after Plaintiff's slip and fall, but before she filed this action, Florida Statute § 768.0755 (2010) came into effect and repealed § 768.0710. The new statute provides that a person who slips and falls on a transitory foreign substance in a business establishment "must prove that the business establishment has actual or constructive knowledge of the dangerous condition and should have taken action to remedy it." Fla. Stat. § 768.0755(1). Target contends that § 768.0755 applies retroactively, and therefore bases its Motion on Plaintiff's alleged inability to show that Target had "actual or

3

constructive knowledge of the dangerous condition," as required under § 768.0755. However, Plaintiff argues that § 768.0755 does not apply retroactively, so § 768.0710 actually governs this case, and actual or constructive knowledge is not an element of her claim.  The Court agrees with Plaintiff.

"It is a well established rule of statutory construction that, in the absence of an express legislative statement to the contrary, an enactment that affects substantive rights or creates new obligations or liabilities is presumed to apply prospectively." Hassen v. State Farm Mut. Auto. Ins. Co., 674 So. 2d 106, 108 (Fla. 1996).  Yet, a procedural or remedial statute does not share that presumption and may apply retroactively.  State Farm Mut. Auto. Ins. Co. v. Laforet, 658 So. 2d 55, 61 (Fla. 1995). "[S]ubstantive law prescribes duties and rights and procedural law concerns the means and methods to apply and enforce those duties and rights."  Alamo Rent-A-Car, Inc. v. Mancusi, 632 So. 2d 1352, 1358 (Fla. 1994).  Further, Florida courts have "refused to apply a statute retroactively if the statute impairs vested rights, creates new obligations, or imposes new penalties."  Laforet, 658 So. 2d at 61.

There is no indication that the legislature intended for § 768.0755 to apply retroactively.  See Kelso v. Big Lots Stores, Inc., Case No. 8:09-cv-01286-T-EAK-TGW, 2010 WL 2889882, at *2 (M.D. Fla. July 21, 2010) (noting that the legislature's statement that "this act shall take effect on July 1, 2010" does not indicate intent for the statute to apply retroactively); see also Rivera v. Wal-Mart Stores E., L.P., Case No. 3:10-cv-956-J-20TEM, DE 26 (M.D. Fla. Jan. 12, 2011); Mills v. Target Corp., Case No. 5:10-cv-263-Oc-32TEM, 2010 WL 4646701, at *2 (M.D. Fla. Nov. 9, 2010).  Neither party contends otherwise.  See Mot. at 4; Resp. at 4.  Rather, the dispute centers on

whether the statute is procedural and therefore retroactive, as Target contends, or whether the statute is substantive and therefore prospective only, as Plaintiff contends.

Target urges the Court to follow Yates v. Wal-Mart Stores, Inc., Case No. 5:10-cv-226/RS-GRJ, 2010 WL 4318795 (N.D. Fla. Oct. 27, 2010), which held that § 768.0755 is procedural because it alters the burden of proof.  See Resp. at 6.  However, at least three other Florida district courts have concluded that § 768.0755 is substantive.[2]  Kelso, 2010 WL 2889882 (M.D. Fla. July 21, 2010); see also Rivera, Case No. 3:10-cv-956-J-20TEM (M.D. Fla. Jan. 12, 2011) (noting that Yates "was decided without the benefit of opposition and does not appear to have applied Florida's two-pronged test for retroactivity"); Mills, 2010 WL 4646701 (M.D. Fla. Nov. 9, 2010).

This Court agrees with Kelso and its progeny that § 768.0755 is substantive.  The statute does more than merely alter the burden of proof, because it adds a new element to a negligence claim by requiring a plaintiff to prove actual or constructive notice.  Compare Fla. Stat. § 768.0755(1) with Fla. Stat. § 768.0710(2)(b).  The new statute thereby "creat[es] a new legal obligation and attach[es] new legal consequences to events that took place before the statute's enactment."  Kelso, 2010 WL 2889882, at *2.  Because there is no indication that the legislature intended the statute to be

---

[2] A number of Florida state courts have agreed with Kelso that § 768.0755 is substantive.  See, e.g., Couch v. Publix Super Markets, Inc., Case No. 10-2797 CACE (21) (Fla. Cir. Ct. June 8, 2011); Garcia v. Dolgencorp, LLC, Case No. 502009CA042735XXXXMBAJ (Fla. Cir. Ct. April 15, 2011); Festa v. 7-Eleven, Inc., Case No. 2010-CA-010810 (Fla. Cir. Ct. March 22, 2011); Rex v. Publix Super Markets, Inc., Case No. 562010CA000161 (Fla. Cir. Ct. Feb. 14, 2011); Geoghegan v. JC Penny Corp., Case No. 502009CA030242XXXXMB AI (Fla. Cir. Ct. Feb. 11, 2011); Echavarria v. Publix Super Markets, Inc., Case No. 502010CA008510 DIV.AA (Feb. 1, 2011); Locke v. Publix Super Markets, Inc., Case No. CACE 10-12799 (08) (Fla. Cir. Ct. Nov. 18, 2010).

retroactive and because the statute affects a substantive right, § 768.0755 does not apply to this case.  See id.  Instead, the former statute, § 768.0710, governs.

### B. Plaintiff's Negligence Claim

Target argues that Plaintiff's failure to prove constructive notice also bars recovery under § 768.0710.  Though § 768.0710 does not require proof of actual or constructive notice as an element of the claim, the statute does provide that "evidence of notice or lack of notice offered by any party may be considered together with all of the evidence."  Fla. Stat. § 768.0710(2)(b).

The plaintiff in a negligence action must establish (1) a legal duty that the defendant owed the plaintiff, (2) the defendant's breach of that duty, (3) an injury to the plaintiff that was caused by the breach, and (4) damages as a result of the injury. Zivojinovich v. Barner, 525 F.3d 1059, 1067 (11th Cir. 2008); see also Paterson v. Deeb, 472 So. 2d 1210, 1214 (Fla. Dist. Ct. App. 1985).  Under Florida law, "a landowner owes two duties to a business invitee: (1) to use reasonable care in maintaining the premises in a reasonably safe condition; and (2) to give the invitee warning of concealed perils which are or should be known to the landowner, and which are unknown to the invitee and cannot be discovered by him through the exercise of due care."  Emmons v. Baptist Hosp., 478 So. 2d 440, 442 (Fla. Dist. Ct. App. 1985); see also Early v. Morrison Cafeteria Co. of Orlando, 61 So. 2d 477, 478 (Fla. 1952); Delgado v. Laudromax, Inc., 65 So. 3d 1087 (Fla. Dist. Ct. App. 2011).  Both duties are encompassed in § 768.0710.  See Fla. Stat. § 768.0710(1) ("The person or entity in possession or control of business premises owes a duty of reasonable care to maintain the premises in a reasonably safe condition for the safety of business invitees on the

premises, which includes reasonable efforts to keep the premises free from transitory foreign objects or substances that might foreseeably give rise to loss, injury, or damage."); Fla. Stat. § 768.0710(2)(a), (b) ("plaintiff in a negligence action regarding a transitory foreign object or substance on business premises has the burden of proving that the person or entity in possession or control of the business premises "*owed a duty* to the [plaintiff]; [and] acted negligently by failing to exercise reasonable care in the *maintenance, inspection, repair, warning*, or mode of operation of the business premises.") (emphasis added).

Plaintiff's Complaint alleges that Target owed Plaintiff both a duty of reasonable care and a duty to warn.  See Compl. ¶¶ 8 (Target owed "a duty of reasonable care to maintain the shopping areas in a condition reasonably safe for their intended uses and free from all conditions which would render them dangerous and unsafe for the Plaintiff, or present an unreasonable risk of harm to her . . ."); Compl. ¶ 9 (Target owed a duty "to warn Plaintiff of aforesaid dangerous and unsafe condition.").  In its Motion, Target argues first, that Plaintiff cannot meet her burden to prove that Target owed a duty to warn her about the bleach puddle, and second, that Plaintiff cannot meet her burden to prove that Target failed to exercise the requisite reasonable care in maintaining and inspecting its premises.  Plaintiff maintains that she has presented sufficient evidence as to Target's duties and Target's breach of those duties based on constructive notice of the bleach puddle.  See Fla. Stat. § 768.0710(2)(b) (permitting either party to submit evidence of notice or lack of notice).

On the issue of constructive notice, Florida law provides, "The owner of a business premises may be held liable for a customer's injuries if the dangerous

condition on the floor existed for a sufficient length of time to charge the defendant owner with constructive knowledge." Winn-Dixie Stores, Inc. v. Guenther, 395 So. 2d 244, 245 (Fla. Dist. Ct. App. 1981) (citations omitted). "Proof that the condition existed long enough so that it should have been discovered may, like any other fact, be established by circumstantial evidence." Id. (citations omitted). In a slip and fall case, such as this one, "the condition of the floor and the substance on which the injured party fell may be relied upon to circumstantially prove that the perilous state existed long enough to charge a defendant with constructive notice." Id. at 246 (citations omitted).

A review of the evidence in the light most favorable to Plaintiff demonstrates that there is a disputed material fact as to whether Target had constructive notice of the bleach puddle. Target points to the fact that both Plaintiff and her husband, Dave Sanchez, described Target's store as "really clean." Castellanos Dep. at 79:20-21, 80:2-5; Deposition of Dave Sanchez [DE 51-1] ("Sanchez Deposition") at 54:21-25, 55:1. Target also highlights that neither Plaintiff nor Mr. Sanchez had any idea how the bleach puddle came to be on the floor or how long the puddle had been on the floor before Plaintiff slipped on it. Castellanos Dep. at 70:10-17; Sanchez Dep. at 51:9-15. Plaintiff and Mr. Sanchez testified that the bleach was clear in color. Castellanos Dep. at 68:21-23; Sanchez Dep. at 51:16-22, 52:1-3.

However, Mr. Sanchez described the puddle as "maybe two feet in diameter around and it had tracking, it had like little track tires behind it . . . Not from the stroller. It was from somebody else . . . . Like probably from a grocery cart or from the cart." Sanchez Dep. at 43:12-14, 43:16-17, 43:20-21. He said the tracking looked like it could

have been from a wheel or from an employee dragging something across the floor, id. at 44:7-9, 45:19-21, and it was not from the stroller that Plaintiff was pushing, but "from somebody else," id. at 43:15-17.  Additionally, Plaintiff attested that there were Target employees stocking shelves in the area, and that she believed they should have seen the bleach puddle.  Castellanos Dep. at 83:23-25, 84:3.  Mr. Sanchez estimated that the Target employees were eight or ten feet away from the puddle.  Sanchez Dep. at 36:15-17, 36:22.

As in Guenther, where "testimony that the liquid was dirty and scuffed and had several tracks running through it was . . . adequate to impute constructive notice of the hazardous condition to the store manager [and] evidence that the manager could have seen the spilled substance from his vantage point within the store bolster[ed this] conclusion," 395 So. 2d at 246, Plaintiff's and Mr. Sanchez's deposition testimony regarding track marks in the bleach puddle and the presence of Target employees who could have seen the puddle is sufficient to raise an issue of fact for the jury.  Target attempts to distinguish Mr. Sanchez's testimony about the track marks in the bleach puddle from Guenther and the other cases cited in Plaintiff's Response on the basis that the puddle at issue in this case did not appear dirty or trampled, nor did it contain footprints or scuff marks.  See Reply at 5.  Yet, as explained above, Plaintiff has pointed to evidence that there were track marks in the bleach puddle from someone else other than herself, and that there were Target employees nearby who might have seen the puddle.  See supra.  This is enough to show that there is an issue of disputed fact as to whether Target had constructive knowledge of the bleach puddle.  Therefore, summary judgment is inappropriate.

## IV.  CONCLUSION

Based on the foregoing, it is hereby

**ORDERED AND ADJUDGED** that Defendant Target Corporation d/b/a Target's Motion for Final Summary Judgment [DE 48] is **DENIED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, on this 14th day of October, 2011.

*[signature]*
JAMES I. COHN
United States District Judge

Copies provided to:
Counsel of record via CM/ECF